A.T.   B.   D.     D. S. D. C. C. S. D. S. D. S. D. S. D. S. D. S. D. S. N. P. S.   T.  T.  N. P. S. N.   D.   S. N. P.       S.  P. S.  N.   S. S. T. N. B. N. P. S. N. T. N. N. S. N. J. N.    J. N. N. N. N. N. N. N. N. J. N.       N. N.  N. J.      J. N. N. N. N. N. N. N. N. N. N. N. N. J. N. N. N. N. N. N. N. N. N. N. N. N. N. N. N.         And his reporting to the fire marshal again would be as a good smear to the fire marshal also. You may conclude it if you have anything to add. I have a question or two. There are sanctions or sanctionable aspects of pleadings. And they're usually called vexatious or false pleadings. Or it can be so bad as to be independently actionable as defamation. Where does your cause of action fall? Vexatious, false pleadings. Perjury. For the complaints against Harvard and American Backflow. I'm trying to relate to a frame of reference that I can benchmark what your argument is with things that are much more familiar to me. Right. And so I'm looking for an analogy or a comparison. So this was... You think it's persuasive. So this wasn't sworn testimony. So, I mean, they sent letters. So I don't think they would fall under that standard of, you know, sanctionable or vexatious. But I do believe it was published in those letters and under the defamation standard. And it was untrue. And it was malicious with an intent to do harm that did actually cause harm to these parties. So your qualification is that because it's untrue, it's actionable. Untrue and falls into... We actually pled defamation per se. So it fell into the category of you committed a crime that was untrue. You aren't qualified in your job. That was untrue. I have no further questions. Anything further? All right. Thank you, counsel. Thank you. I thank the attorneys for their arguments. We will take the matter under consideration and issue a ruling in due course.